977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janet ROESSEL, Plaintiff-Appellant,
v.
RIVENDELL OF AMERICA, INC., a corporation; W.J. Jones
Administrative Services, Inc., a Montana
corporation, jointly and severally,
Defendants-Appellees.
 No. 91-35660.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Oct. 14, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Janet Roessel, an employee of Rivendell of America ("Rivendell"), appeals the district court's grant of summary judgment in favor Rivendell in her Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, action seeking medical benefits under Rivendell's Employee Health Benefit Plan after she sustained a work related injury. Rivendell and its ERISA health care plan administrator, W.J. Jones Administrative Services, Inc. ("W.J. Jones"), filed motions for summary judgment arguing that the exclusionary language of the health benefit plan clearly precluded Roessel from receiving health benefits. The district court granted summary judgment on two alternative grounds: First that Roessel was judicially estopped from claiming her injury did not arise from her employment; and second, that she had failed to exhaust her administrative remedies. We affirm the grant of summary judgment for failure to exhaust administrative remedies.
 
 DISCUSSION
 
 3
 Under section 1132(a) of ERISA, 29 U.S.C. § 1132(a), a participant or beneficiary of an employee benefit plan may bring a civil action to recover benefits due under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan. In her Second Amended Complaint, Roessel alleged that she was entitled to benefits under Rivendell's Employee Health Benefit Plan, and that her claim for benefits was wrongfully denied.
 
 
 4
 Prior to bringing an action under ERISA, we normally require plan participants to exhaust available administrative remedies. See Smith v. Retirement Fund Trust, 857 F.2d 587, 591 (9th Cir.1988). Section 503 of ERISA requires every employee benefit plan to provide adequate notice in writing clearly stating the specific reasons for denial to any participant whose claim has been denied. 29 U.S.C. § 1133(1). The plan must also afford the participant whose claim was denied a reasonable opportunity for a full and fair review. Id. Additionally, Department of Labor regulations require plan administrators to provide every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:
 
 
 5
 (1) The specific reason or reasons for the denial;
 
 
 6
 (2) Specific reference to pertinent plan provisions on which the denial is based;
 
 
 7
 (3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information in necessary; and
 
 
 8
 (4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.
 
 
 9
 29 C.F.R. § 2560.503-1(f). See also White v. Jacobs Eng'g Group, 896 F.2d 344, 349 (9th Cir.1989). In the event a notice is inadequate because it failed to meet the required specificity, the plan's time bar for appeal is not triggered. See White, 896 F.2d at 350-51; see also 29 C.F.R. § 2560.503-1(e).
 
 
 10
 Here, Rivendell's Employee Health Benefit Plan included a procedure for obtaining review for denial of a claim. Specifically, the plan provided:
 
 
 11
 If an employee's claim ... is wholly or partially denied, the Administrator of the Plan will provide written notice of denial to the employee within 60 days after the date the claim is filed. Such written notice will set forth the specific reason or reasons for denying payment of benefits.... The notice of denial will be written in a manner calculated to be understood by the employee and will also include a copy of the review procedure set forth below. If for any reason the employee is not ... provided with the prescribed notice of denial, the employee may, for purposes of requesting the review described below, deem the claim to have been denied on the sixtieth day following the date on which the claim for benefits was denied.
 
 
 12
 The actual procedure for requesting review of a denial of benefits is as follows:
 
 
 13
 Any employee whose ... claim has been wholly or partially denied has the right, within 60 days after the date on which he or she is notified of such denial, or the date on which such denial may be deemed to have been made in the absence of such notification, to examine Plan documents pertinent to the claim and to file a written request for a full and fair review, by the Review Committee, of the claim denial.
 
 
 14
 At summary judgment, Rivendell and W.J. Jones alleged that, upon denial of Roessel's application for benefits, W.J. Jones sent her notices of denial of benefits. These notices were entitled "Explanation of Benefits or Non-Payment," and offered the reason for the denial, explained that the claimant may seek review of the decision, and referred the claimant to the plan document regarding plan benefits and review procedures. (Rivendell Brief at page 17, citing CR 76, Exhibit A). There was no evidence presented that Roessel ever pursued her administrative remedies under the plan.
 
 
 15
 At summary judgment, and on appeal, Roessel does not assert that the substance of the notices were statutorily inadequate; rather, she contends she never received notices from W.J. Jones or Rivendell that her claims for benefits under the plan had been denied. That assertion is belied by Roessel's own deposition testimony in which she indicated that she was notified by mail that her claims were denied; that she received a letter stating that the health benefit plan was not responsible because her injury occurred at work; and that she still had copies of the denial letters. (Rivendell Brief at page 18, citing CR 80, pg. 35; W.J. Jones Brief at page 15-16, citing Deposition of Janet Roessel, pp. 35-37). In fact, during Roessel's deposition, her attorney stated "the denial form prompted the letter that I sent to W.J. Jones. I've got it somewhere in the office." (W.J. Jones Brief at page 15, citing Deposition of Janet Roessel, pp. 35-37).
 
 
 16
 Even assuming Roessel did not receive any notice of W.J. Jone's denials of her claims, the record reveals that her attorney wrote a demand letter to W.J. Jones on January 16, 1989, seeking action on Roessel's health benefit claims within ten days. The letter concluded with the underlined statement that, "No response will be deemed a denial of Ms. Roessel's claim." W.J. Jones never replied to this letter. Consequently, through her own demand that no response would be construed as a denial, Roessel received notice on January 26, 1989, that W.J. Jones denied her claims.
 
 
 17
 The evidence before the district court clearly indicated that Roessel received notice of the denial of her claims. Because she failed to pursue her administrative remedies we affirm the district court's grant of summary judgment.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3